EDWARD CLARK, APPELLANT, v. MATTIE J. GRIFFIN, EXECUTRIX, ETC., RESPONDENT.

Argued November 17, 1920—Decided March 7, 1921.

1. A writing addressed to an agent containing the following: "I shall be glad if you could sell the property; I would be glad for you if you could sell the property and get the commission. Tell your man to make me an offer," stating the rate of commission on the dollar to be paid in the event of a sale being consummated, and signed by the owner, is sufficient to satisfy the statute of frauds. *Pamph. L.* 1911, *p.* 703; *Comp. Stat., first supp., p.* 747. It is an authority for selling the property described in the writing.

2. Whether the plaintiff was the procuring or efficient cause of the sale, there being doubt upon that point, the doubt must be solved by the jury under proper instructions from the trial court.

On appeal from the Supreme Court.

For the appellant, *William Newcorn.*

For the respondent, *William R. Wilson.*

The opinion of the court was delivered by

BLACK, J. In this case a judgment of nonsuit was directed by the trial court. This is the only error assigned. The action was brought to recover commissions alleged to have been earned by the plaintiff for selling the Corey property on Broad street, in the city of Elizabeth. The authorization for selling the property is contained in the following letter written by the owner to the plaintiff:

"My dear Mr. Clark:

"Your note received this morning regarding the Corey building. I am asking one hundred and ten thousand dollars for the property, commission two and one-half per cent. The Mutual Benefit Life Insurance holds a mortgage of twenty-four thousand dollars at five per cent. I shall be glad

if you could sell the property; I would be glad for you if you could sell the property and get the commission. Tell your man to make me an offer. It is the finest piece and only desirable piece on Broad street. Trusting to hear from you soon again, believe me,

"Sincerely yours,

"MRS. C. H. MATTIE J. GRIFFIN.

"April the eighth.

"If your party would like to talk to me, let me know and I will be glad to see them."

The trial court placed its ruling on the ground that the above writing did not comply with the statute of frauds (*Pamph. L.* 1911, p. 703; *Comp. Stat., first supp., p.* 747); that it was simply an expression of pleasure, in the event a sale was made and did not amount to an authorization to go ahead and make the sale, following the case of *Heyman* v. *Stopper,* 85 *N. J. L.* 128; 86 *Id.* 357. Suffice it for us to say, the writing under consideration differs in essential particulars from the writing in that case. There was no authority in the writing in that case for selling. No authorization to sell. The writing was addressed to no one. No authority of any broker was recognized. These elements, absent in that case, are all present in the writing under consideration. True, it does not use the word "authority," used in the statute, but that is not necessary. The word "authority," as used in the statute, means the power delegated by a principal to an agent. We think the writing satisfies the statute of frauds (*Pamph. L.* 1911, p. 703; *Comp. Stat., first supp., p.* 747), and a recovery may be had thereunder if the facts otherwise justify a recovery. The ruling of the trial court was error and the judgment entered therein must be reversed.

The case is somewhat like that of *Longstreth* v. *Korb,* 64 *N. J. L.* 112. In that case, the authority to sell was contained in a letter, as here.

Whether the plaintiff was the procuring or efficient cause of the sale? There being doubt upon that point, the doubt

must be solved by the jury, under proper instructions from the trial court. *Vreeland* v. *Vetterlein,* 33 *N. J. L.* 247; *Queen* v. *Jennings,* 93 *Id.* 353; *Weeks* v. *Smith & Sons Co.,* 79 *Id.* 388; *Hudson Real Estate Co.* v. *Bauer,* 74 *Id.* 90.

It seems unnecessary to review the facts at any length, pointing out wherein there is a jury question on the point, whether the plaintiff was the procuring or efficient cause of the sale. But the respondent argues that there was not a jury question, even though the writing satisfies the statute of frauds. The testimony, in brief, shows the plaintiff, after receiving the writing, went to see a Mr. Abrams, who is a real estate dealer. They then went to see Mr. Hersch, the purchaser of the property. He told them to go and see his lawyer, Mr. Koestler, which they did. The plaintiff then showed Mr. Koestler the above writing, and they then made an appointment to meet Mrs. Griffin in Mr. Wilson's office. The plaintiff then told her that Mr. Abrams had a buyer, a Mr. Hersch, for $90,000. Mrs. Griffin said she would not accept that amount, she wanted $95,000 in cash. There is more testimony in detail, but, subsequently to these negotiations, on September 10th, 1919, the property was conveyed by Mrs. Griffin to Louis F. Hersch and Herman Hersch, partners, for $93,000. The question, then, who was the procuring or efficient cause of the sale was a jury question.

The judgment of the Supreme Court is reversed, to the end that a *venire de novo* may issue.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, JJ.     13.